UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN DELOLLIS, TOM HOLSMAN, DOUGLAS
MCCARRON, and FRANK SPENCER, in their
capacity as Trustees of the Empire State Carpenters
Welfare, Annuity, and Pension Funds,

                Plaintiffs,

- against -

JOHN FUCHS, EARL HALL, LLOYD MARTIN,
PATRICK MORIN, GARY PALLADINO,
ANTHONY PUTRELLO, JOHN RICHARDS,
CHARLES RINOLDO, JOHN SCHALK, JOHN
SIMMONS, WILLIAM SMITH, and GARY TOTH,

                Defendants,

- and -

WILLIAM BANFIELD, JAMES BODRATO,
THOMAS BURKE, ROBERT CARLINO,
ANTHONY CAROPRESSO, MICHAEL CONROY,
ALAN EHL, JOHN FUCHS, DAVID HAINES, TODD
HELFRICH, KEVIN HICKS, AARON HILGER,
FRANK JONES, RON KENT, JAMES LOGAN,
WILLIAM MACCHIONE, JAMES MALCOLM,
JOHN MARONE, LLOYD MARTIN, PATRICK
MORIN, JOHN O'HARE, ROSS PEPE, CHARLES
RINOLDO, JOHN J. SIMMONS, KEVIN SMITH,
DALE STUHLMILLER, LARRY THAYER,
WILLIAM WEIR, and FRANCIS WIRT,

                Consolidated Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-2331 (DRH) (AKT)
12-CV-2332 (DRH) (AKT)

**APPEARANCES:**

**Attorneys for Plaintiffs**

BREDHOFF & KAISER, P.L.L.C.
805 15th Street, N.W.
Suite 1000
Washington, D.C. 20005
By: Robert Alexander, Esq. (*Pro Hac Vice*)
    Zoe L. Palitz, Esq. (*Pro Hac Vice*)

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP
333 Earle Ovington Boulevard
Suite 1010
Uniondale, New York 11553
By: Jeffrey G. Stark, Esq.

**Attorneys for Defendants**

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
By: Eric B. Fisher, Esq.
    Alana L. Brown, Esq.

**Attorneys for Consolidated Defendants**

PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
By: Anthony S. Cacace, Esq.
    Myron Daniel Rumeld, Esq.

**HURLEY, Senior District Judge:**

The above-captioned actions have been consolidated under Docket Number 12-CV-2331. The Consolidated Defendants (the "Banfield Defendants") have received leave to file a pre-Answer motion to dismiss or, alternatively, stay the proceedings as against them (the "Motion"). Presently before the Court is plaintiffs' unopposed motion seeking leave for the following

Motion papers to be filed under seal: (1) Exhibit 6 to the Declaration of Todd Helfich, submitted in support of the Motion ("Exhibit 6"), (2) Excerpts from pages 2, 9, and 13 of the Banfield Defendants' memorandum of law in support of their Motion, which refer to the information contained in Exhibit 6, (3) Excerpts from pages 12 and 13 of plaintiffs' memorandum of law in opposition to the Motion, which also refer to the information contained in Exhibit 6, and (4) any portion of the Banfield Defendants' reply memorandum of law, which had not yet been drafted at the time the present application was filed, that may refer to the information contained in Exhibit 6.

The "highly confidential information" at issue here, i.e., the information set forth in Exhibit 6 and referred to in the Motion papers, concerns "ongoing, confidential settlement efforts in [another] federal court litigation" involving the Empire State Welfare, Annuity, and Pension Funds. (*See* Mot. to Seal at 3, 4.) Specifically, the information relates to a particular amount of money that has been offered to resolve that separate litigation.[1] Plaintiffs have submitted documentation that suggests that any public release of either the fact of the settlement offer or its amount "would jeopardize" those settlement efforts. (*See* Decl. of Robert Alexander, Ex. 1 at 1.) The Banfield Defendants do not dispute this assertion.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). As the Second Circuit has explained:

---

[1] From the brief excerpts of the Motion papers submitted, it appears that the parties dispute whether a settlement of any so-called collateral litigation would have a dispositive or otherwise meaningful impact on the present case.

> The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice . . . Although courts have a number of internal checks, . . . professional and public monitoring is an essential feature of democratic control . . . Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.

*United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*").

The Court has reviewed Exhibit 6 and the cited portions of the parties' legal briefs and finds, as an initial matter, that they constitute "judicial documents" to which the presumption of public access attaches. *See Lugosch*, 435 F.3d at 119. The Second Circuit has "stated definitively that 'documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" *Id.* at 121 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Although the parties have not addressed the issue, the Court sees no reason why this rationale would not extend to other types of dispositive motions, such as those seeking dismissal of the Complaint or a stay of proceedings. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents.").[2]

Having found that the papers at issue are judicial documents, the Court must next determine the weight of the presumption of public access. *See Lugosch*, 435 F.3d at 119.

---

[2] The Court notes that the cases cited by plaintiffs in support of the present application are distinguishable in that they involve the presumption of public access to settlement agreements themselves – not motion papers that attach or refer to settlement information. (*See* Mot. to Seal at 3-4 (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 855 (2d Cir. 1998) (concerning public access to draft settlement documents that preceded the issuance of a Consent Order) and *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 674 (S.D.N.Y. Mar. 23, 2009) (concerning confidentiality of settlement terms).)

"'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *Amodeo II*, 71 F.3d at 1049). Where, as here, "documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121.

"Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050). Those countervailing interests include "the efficient resolution of complex and expensive cases and 'the privacy interests of those resisting disclosure.'" *In re Sept. 11 Litig.*, 723 F. Supp. 2d 526, 530 (S.D.N.Y. 2010) (quoting *Lugosch*, 435 F.3d at 120) (internal citation omitted). The Court must also consider "whether release of the materials is likely to impair in a material way the performance of Article III functions," which include "fostering settlement of any case or controversy." *Glens Falls Newspapers, Inc.*, 160 F.3d at 857.

Here, the Court is persuaded that the interest in maintaining the confidentiality of the offer of settlement, which was made in a separate litigation not before this Court, outweighs the applicable presumption of public access. Of particular relevance is the fact that the information at issue does not concern a finalized settlement agreement, but merely relates to an offer of settlement that has been made. The Circuit has emphasized that the release of "settlement negotiations, draft agreements, and conference statements . . . is likely to impair materially the trial court's performance of its Article III function of crafting a settlement." *Id.* at 858; *see also*

*In re Sept. 11 Litig.*, 723 F. Supp. 2d at 532 (distinguishing between "draft settlement material" and final settlement agreements); *United States v. Town of Moreau*, 979 F. Supp. 129, 135-36 (N.D.N.Y. 1997) ("Settlement positions are often extreme and should they be made public a litigant would reasonably fear being judged in the court of public opinion based upon what are nothing more than bargaining positions. These concerns would hardly encourage negotiations."). Moreover, it is undisputed that public access to this information will negatively impact the viability of the settlement negotiations.

Accordingly, plaintiffs' motion for leave to electronically file documents under seal is granted. Exhibit 6 to the Declaration of Todd Helfich shall be filed under seal. In addition, the references to the confidential information on pages 2, 9, and 13 of the Banfield Defendants' legal memorandum in support of their Motion and on pages 12 and 13 of plaintiffs' memorandum in opposition to the Motion shall be redacted. *See Standard Inv. Chartered, Inc.*, 2008 WL 199537 at *16 ("[W]holesale publication of motion papers is not required if the papers quote from or contain references to confidential information . . . redaction is often a practical, narrowly tailored strategy for balancing the interest in public access and the interest in one or both parties in the confidentiality of sensitive information."). Finally, any references to the confidential information contained in the forthcoming reply memorandum filed by the Banfield Defendants may be similarly redacted.

The Court held the filing deadline for the Banfield Defendants' fully-briefed Motion in abeyance pending a decision on this application. The Motion papers shall be filed within five (5) days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
November 16, 2012

    /s/
Denis R. Hurley
Unites States District Judge